30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dawn BRADLEY, Plaintiff-Appellant,
v.
JOLIET POLICE DEPARTMENT, John Doe # 1, John Doe # 2, et
al., Defendants-Appellees.
 No. 93-1994.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 15, 1994.*
Decided June 23, 1994.
 
 Before POSNER, C.J., and BAUER, and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 In the span of one year, Dawn Bradley has filed eleven appeals with this court. In this one, Bradley appeals the Rule 12(b)(6) dismissal of her complaint brought under 42 U.S.C. Sec. 1983 against the Joliet Police Department and various (unknown) police officers.
 
 
 2
 The district court found Bradley's complaint "disjointed and vague," alleging "[a]t its core, ... a constitutional deprivation based upon the defendants' failure to provide her with adequate protective services." Bradley does not dispute the district court's characterization of her claims, and no other claims against the Joliet Police Department and its officers emerge from the complaint's jumble of actions and injuries.
 
 
 3
 The Constitution "confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago-County Dep't of Social Servs., 109 S.Ct. 998, 1003 (1989). It follows that the defendants had no constitutional duty to protect Bradley from the actions of a private (nongovernmental) individual and are not liable for any injuries she may have suffered at the hands of such individual.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)